# Third District Court of Appeal

## State of Florida

Opinion filed April 29, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0622
Lower Tribunal No. 18-42273-CA-01
_____

**Lisandro Rafael Garcia Cruzco,**
Appellant,

vs.

**Gabriel Abusada James,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Charles Kenneth Johnson, Judge.

Joey Gonzalez, Attorney, P.A., and Joey D. Gonzalez Ramos, for appellant.

Lucas Savitz P.L., and Hal M. Lucas, for appellee.

Before LOGUE, LINDSEY and GOODEN, JJ.

PER CURIAM.

Affirmed. See Fision Corp. v. Frueh, 369 So. 3d 1211, 1216 (Fla. 2d DCA 2023) (recognizing that a promissory note cannot be repaid with a different medium than the one indicated by the note); Speier v. Lane, 254 So. 2d 823, 824 (Fla. 3d DCA 1971) ("[P]ossession of an uncanceled note raises a rebuttable presumption of non-payment and that the burden of proving payment is upon the party asserting payment."); Knauer v. Levy, 115 So. 2d 776, 777 (Fla. 3d DCA 1959) ("The promissory note is itself evidence of the existence of the debt and its introduction into evidence is sufficient to establish a prima facie case. When it is regularly admitted into evidence no additional evidence of the present existence of the debt is necessary upon the case of the plaintiff."); see also Rich v. Narog, 366 So. 3d 1111, 1118 (Fla. 3d DCA 2022) ("Specifically, it is incumbent upon the nonmoving party to come forward with evidentiary material demonstrating that a genuine issue of fact exists as to an element necessary for the non-movant to prevail at trial.").